The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, Arkansas 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following question:
 Assume that a citation includes more than one charge. May a municipal judge merge one or more charges into another charge after a finding of guilt on all charges and thereby assess only one court cost under Section 7(b) of Act 1256 of 1995?
Your request makes reference to Op. Att'y Gen. 95-203, in which I concluded that each charge brought against a defendant, even though all of such charges may appear on a single citation, constitutes a separate "criminal case" within the meaning of that phrase as used in section 7(b) of Act 1256 of 1995,[1] which provides:
 The costs set forth in this act shall be imposed at the conclusion of any criminal case that does not end in an acquittal, dismissal, or, with the consent of the prosecution, a nolle prosequi. They shall be imposed at the conclusion of cases involving a suspended or probated sentence even though that sentence may be expunged or otherwise removed from the defendant's record.
As discussed in Op. Att'y Gen. 95-203, the "costs set forth in this act" are those set forth in section 7(a) of the act, which provides:
 There shall be levied and collected from each defendant upon each conviction, each plea of guilty or nolo contendere, or forfeiture of bond the following court costs:
 (1) For misdemeanor or felony violation of state law, excluding violation of the Omnibus DWI Act, in circuit court . . . . . . . $100.00
 (2) For offenses which are misdemeanors or violations under state law or local ordinance, excluding violation of the Omnibus DWI Act, in municipal, city, or police court . . . . . . . . . . $50.00
 (3) For traffic offenses which are misdemeanors or violations under state law or local ordinance, excluding violation of the Omnibus DWI Act, in municipal, city, or police court . . . . . . $50.00
 (4) For violation of the Omnibus DWI Act in circuit, municipal, and city court . . . . . . . . . . . . . . . . . . . . . . . . . $300.00
In my opinion, a court may not find a defendant guilty of two or more charges included on the same citation, "merge" one or more of such charges into another charge, and therefore assess only one of the amounts set forth in section 7(a) of the act. Section 7(a) of Act 1256 unequivocally requires the collection of court costs from defendants "upon each conviction, each plea of guilty or nolo contendere, or forfeiture of bond. . . ." [Emphases added.] Even leaving aside the question of the nature and source of a court's authority somehow to convert two or more convictions into one (and I know of no such authority), a court's consolidation of convictions and resulting imposition of only one charge for costs under the act would, in my opinion, be in clear violation of the act's mandate to impose costs "upon each conviction. . . ."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Certain provisions of Act 1256, not including section 7, were amended by Act 13 of 1995 (1st. Ex. Sess.).